

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
Partner
516-357-3218
Jennifer.abreu@rivkin.com

November 22, 2024

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Gov't Emps. Ins. Co. et al. v. AV Chemists LLC, et al.
             Docket No.: 1:24-cv-05110-KAM-PK

Dear Judge Matsumoto:

This firm represents Plaintiffs ("GEICO" or "Plaintiffs") in the above-referenced matter. In accordance with Rule III(B) of Your Honor's Individual Motion Practices and Rules, Plaintiffs respectfully submit this letter to request a pre-motion conference in advance of a motion to (i) stay all No-Fault insurance collection arbitrations between AV Chemists LLC ("AV Chemists") and GEICO pending before the American Arbitration Association; and (ii) enjoin AV Chemists, Dennis Nektalov and Vadim Dolsky (collectively, the "Defendants") from commencing any new No-Fault insurance collection arbitrations or state court collection lawsuits against GEICO, until the resolution of the instant federal action.

This action seeks to recover more than $596,000.00 that GEICO was defrauded into paying Defendants as a result of a large-scale fraud scheme involving the submission of more than $6.6 million in fraudulent "No-Fault" insurance charges overwhelmingly seeking payment for targeted, expensive topical prescription drug products, in the form of Lidocaine 5% Ointment and Lidocaine 5% Patch ("Fraudulent Topical Pain Products") and Naproxen-Esomeprazole tablets ("Vimovo Products") (collectively, the "Fraudulent Pharmaceuticals"), prescribed and dispensed to automobile victims covered by insurance policies issued by GEICO. See D.E. No. 1, passim. The Defendants' scheme involves complex financial and kickback arrangements with one another and others, including prescribing healthcare providers ("Prescribers") and unlicensed laypersons associated with No-Fault Clinics ("Clinic Controllers"), that were designed to, and did, conceal the fact that Defendants unlawfully exchanged kickbacks and/or other financial consideration for large volumes of prescriptions for specifically targeted Fraudulent Pharmaceuticals.

As a result, GEICO seeks to recover damages through causes of actions for civil RICO violations, common law fraud, and unjust enrichment. See D.E. No. 1, ¶¶ 5, 203-229. Moreover, GEICO

seeks a declaration that it is not obligated to pay more than $5.2 million in pending claims that Defendants submitted to GEICO through AV Chemists because, among other things: (i) Defendants billed for Fraudulent Pharmaceuticals that were prescribed and dispensed pursuant to predetermined fraudulent protocols designed to exploit the patients for financial gain, without regard for genuine patient care; and (ii) Defendants participated in illegal, collusive relationships in which they steered the Prescribers and Clinic Controllers to direct illegal prescriptions for the Fraudulent Pharmaceuticals to AV Chemists in exchange for unlawful kickbacks and/or other financial consideration. See D.E. No. 1, ¶¶ 5, and 195-202.

To succeed on a preliminary injunction "the movant must establish (1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." Gov't Emps. Ins. Co. v. Zilberman, 2021 U.S. Dist. LEXIS 56721 *2 (E.D.N.Y. March 25, 2021). As will be fully discussed in Plaintiffs' moving papers, Plaintiffs will satisfy the burden to stay and enjoin Defendants from pursuing collection on their fraudulent claims until the resolution of GEICO's fraud and declaratory judgment claims.

Moreover, there is sufficient evidence to establish Plaintiffs' likelihood of success on the merits or – at a minimum – sufficiently serious questions going to the merits to make them a fair ground for trial. Specifically, GEICO's Complaint sets forth in granular detail Defendants' fraudulent scheme and the basis for GEICO's claims against Defendants, including the following credible, factual assertions: (i) unlike legitimate pharmacies dispensing a wide variety of drug products, Defendants specifically targeted the Fraudulent Topical Pain Products and Vimovo Products – which account for more than 80% of AV Chemists' billing and amount to more than $5.3 million – solely for profit, even though they were not medically necessary or proven effective; (ii) AV Chemists dispensed drug products in predetermined, protocol fashion and often based on large numbers of purported "telephone" prescriptions contrary to New York law requiring use of electronic prescriptions; (iii) a substantial majority of patients lived outside of Queens County, where AV Chemists is located, with patients' residences scattered in counties far from the pharmacy, further supporting the existence of illegal, collusive steering arrangements; and (iv) pursuant to illegal, collusive arrangements, a substantial majority of prescriptions steered to AV Chemists originate from only four medical practices that are owned on paper by only two medical doctors. These allegations are further supported in GEICO's complaint by numerous patient-specific examples and an exhibit annexed thereto detailing more than 15,000 specific fraudulent charges submitted by Defendants through AV Chemists.

Courts within the Second Circuit have repeatedly held that a stay of pending No-Fault collection arbitrations and an injunction against the commencement of new collection arbitrations and civil court suits was warranted, pending the disposition of a plaintiff-insurer's fraud-based and declaratory judgment claims. See, e.g., Gov't Emps. v. Q Pharmacy RX Inc., et al., No. 1:23-cv-09085, D.E. No. 25 (E.D.N.Y. Aug. 15, 2024)(J. Ross); Gov't Emps. Ins. Co. v. Avonora, Inc., et al., No. 23-cv-03409, D.E. No. 40 (E.D.N.Y. Sept. 18, 2023)(J. Ross); Gov't Emps. Ins. Co. v. SMK Pharmacy Corp., et al., 2022 WL 541647 (E.D.N.Y. Feb. 23, 2022)(J. Donnelly); Gov't Emps. Ins. Co. v. Relief Med., P.C., 554 F. Supp. 3d 482 (E.D.N.Y. 2022)(J. Brodie); Gov't Emps. Ins. Co. v. Axial Chiropractic, P.C., No. 19-CV-5570, D.E. No. 56 (E.D.N.Y. Apr. 27, 2020) (Gold, J.), report and rec. adopted at D.E. Dated July 29, 2020 (J. Vitaliano); Gov't Emps. Ins. Co.

v. Wallegood, Inc., et al., No. 21-cv-01986, D.E. No. 36, (E.D.N.Y. July 16, 2021)(J. Chen); Allstate Ins. Co. v. Sky Radiology P.C., et al., No. 23-cv-01832, D.E. No. 37 (E.D.N.Y. July 28, 2023); Gov't Emps. Ins. Co. v. Big Apple Med. Equipment, Inc. et al., No. 1:20-cv-05786, D.E. No. 52 (E.D.N.Y. March 25, 2021)(J. Chen). Moreover, Your Honor issued similar stay orders in a least two cases, including a similar pharmacy fraud case. Gov't Emps. Ins. Co. v. Wellmart RX, Inc., 435 F. Supp. 3d 443 (E.D.N.Y. 2020); Gov't Emps. Ins. Co. v. Advanced Comp. Lab. LLC, No. 1:20-cv-02391, 20 WL 7042648 (E.D.N.Y. Dec. 1, 2020).

Prior to filing this letter, Plaintiffs sought Defendants' consent to a stay of AV Chemists' underlying No-Fault collection proceedings pending resolution of the instant federal court action. Defendants declined to stipulate despite the obvious efficiencies of addressing AV Chemists' pending billing in one forum. Defendants' refusal only makes sense because the collection proceedings are part of the fraudulent scheme itself. Defendants know that if each pharmacy bill is reviewed in isolation in a single, expedited arbitration proceeding, it will be impossible for a single arbitrator to consider the full contours of a fraud scheme involving patterns of fraudulent behavior that – by the design of Defendants – is not readily apparent from the face of any individual bill. Further, Defendants know that the fraudulent, deceptive scheme, and collusive arrangements, effectuated here, is impractical to address in a single, expedited proceeding with no or limited discovery. Indeed, in finding that a plaintiff-insurer had satisfied the burden for injunctive relief (and satisfactorily demonstrated irreparable harm), the Second Circuit stated that,

> Although a state court or arbitrator reviewing an individual claim may conclude that the claim involved necessary medical treatment under the No-Fault Act… the massive fraudulent scheme here becomes apparent only when the claims are analyzed together…Defendants' alleged fraudulent scheme is not readily apparent when viewed on an individual claim-by-claim basis, and the arbitration and state court proceedings therefore help to insulate the alleged fraud from detection…That risk of harm is amplified by the potential preclusive effect of the state-court proceedings and arbitration. See State Farm Mut. Ins. Co. v. Tri-Borough NY Medical Practice, P.C., 120 F.4th 59, 80-81 (2d Cir. 2024).

Despite the compelling evidence of wrongdoing, Defendants continue to actively pursue collection on the same, outstanding fraudulent billing at issue in this case through a number of separate, individual arbitrations and lawsuits. Specifically, Defendants are currently seeking to collect on more than (i) $705,335.98 in no-fault benefits through approx. 420 individual pending arbitrations; and (ii) $130,442.46 through approx. 54 individual pending lawsuits. Notably, GEICO is faced with the definite possibility of many more collection proceedings being commenced since there are millions of dollars in pending billing.

In sum, Plaintiffs respectfully request a pre-motion conference with respect to the proposed motion to stay the underlying collection arbitrations and enjoin the commencement of new collection arbitrations or state court lawsuits. Alternatively, Plaintiffs request the Court set the briefing schedule as follows: (i) Plaintiffs' motion to be filed by December 16, 2024; (ii) Defendants' opposition to be filed by January 3, 2025; and (iii) Plaintiffs' reply to be filed by January 10, 2025. Thank you for your attention to this matter.

Very truly yours,

                                        RIVKIN RADLER LLP

                                        *Jennifer Abreu*
cc:  All counsel via ECF                            Jennifer Abreu