

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JENNIFER ABREU**
PARTNER
(516) 357-3218
Jennifer.Abreu@rivkin.com

April 21, 2025

**VIA ECF**
Honorable Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Insurance Co., et al. v. AV Chemists LLC, et al.*
           Docket No.: 1:24-cv-05110-KAM-PK

Dear Magistrate Judge Kuo:

This firm represents Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or "GEICO") in connection with the above-referenced matter. Pursuant to Local Rule 37.3(c), GEICO respectfully moves for an order enforcing a deposition subpoena (the "Subpoena") served on non-party witness D.N. Spark Consulting Inc ("DN Spark").

DN Spark was properly served with a subpoena and failed to comply. A copy of the Subpoena, along with the corresponding affidavit of service, is annexed hereto as Exhibit "A." DN Spark failed to appear on the return date or contact counsel for GEICO to request an adjournment or extension of time to respond. In an attempt to obtain compliance, counsel for GEICO contacted Robert Hewitt, Esq. counsel for the Defendants ("Counsel") since DN Spark is owned by Defendant Dennis Nektalov ("Nektalov"). Our office made multiple attempts to ascertain whether Counsel intended to represent DN Spark in connection with the Subpoena, including emails sent on March 3, 2025 and March 11, 2025. However, Counsel never responded. To date, no one has contacted counsel for GEICO on behalf of DN Spark.

    **I.**    **The Non-Party Discovery is Necessary and Relevant to GEICO's Claims**

As the Court is aware, GEICO alleges that AV Chemists LLC, Nektalov and Vadim Dolsky ("Dolsky") (collectively, the Defendants") perpetuated and engaged in a large-scale fraud scheme to defraud GEICO out of millions of dollars by submitting more than $6.6 million in fraudulent charges seeking payment for specifically targeted medically unnecessary topical drug products overwhelming in the form of Lidocaine 5% Ointment and Lidocaine 5% Patches (the "Fraudulent Topical Pain Products") and an exorbitantly priced pain reliever medication, Naproxen-Esomeprazole tablets (the "Vimovo Products"), along with certain other prescription drug

medications (collectively, the "Fraudulent Pharmaceuticals"), pursuant to illegal kickback and collusive arrangements and fraudulent protocols designed to exploit insureds for financial gain.

As described in GEICO's Complaint, AV Chemists did not operate as a legitimate retail pharmacy but instead intentionally targeted the Fraudulent Topical Pain Products and Vimovo Products to bill GEICO solely based on the pharmaceuticals' high profit margins and not for their pharmacologic impact. The Defendants dispensed these pharmaceuticals at exorbitant prices, with charges typically amounting to $2,149.64 per prescription of Vimovo Products; from $725.00 to $1,565.44 per prescription of Lidocaine 5% Ointment; and from $229.64 to $454.28 per prescription of Lidocaine 5% Patches. See D.E. No. 1, ¶4. The purported prescriptions steered to AV Chemists included large volumes of alleged telephone orders to the pharmacy, despite the requirement under New York State law that prescriptions be transmitted electronically to combat the problem of prescription fraud. See D.E. No. 1, ¶¶ 3, 59-65.  Further, in some instances, the prescriptions also included electronic prescriptions that failed to comply with New York State law yet were used by AV Chemists to dispense and bill for the Fraudulent Pharmaceuticals. See D.E. No. 1, ¶¶ 66-67.

In order to effectuate the fraud scheme and maximize their profits, Defendants entered into complex financial and kickback arrangements with one another and others, including prescribing healthcare providers ("Prescribers") and unlicensed laypersons associated with No-Fault medical clinics ("Clinic Controllers"), that were designed to, and did, conceal the fact that Defendants unlawfully exchanged kickbacks and/or other financial consideration for large volumes of prescriptions for specifically targeted Fraudulent Pharmaceuticals. See D.E. 1 ¶¶ 74-95, 161-175. GEICO further alleges that in certain instances, monies used for kickbacks to the Prescribers and Clinic Controllers at No-Fault Clinics were disguised as ostensibly legitimate fees for "marketing", "consulting", "advertising", "billing", "collection" and/or "administrative" services purportedly provided by DN Spark to AV Chemists. See D.E. 1 ¶ 93. GEICO further alleges that these monies were used as kickback payments that resulted in the prescription of excessive amounts of medically unnecessary pharmaceutical products such as the Fraudulent Topical Pain Products and Vimovo Products that were thereafter billed through AV Chemists.  See D.E. 1 ¶ 94.

In total, AV Chemists paid DN Spark more than $1 million for a myriad of purported services that included "marketing", "billing", "outsourcing", and "construction – upgrade software," as well as payments for "loan repayment".  DN Spark purports to be a marketing company that also serves as a liaison between injured parties and personal injury attorneys.  However, DN Spark does not appear to have any online presence, website, legitimate business location, or phone number listed to market itself to the general public – all of which would be expected of a bona fide marketing company.

During the examination under oath ("EUO") of AV Chemists, Nektalov claimed that he markets – through DN Spark – AV Chemists' services to doctors, yet a substantial majority of the prescriptions originate from only four healthcare practices (i.e., Sinha Medical and the CitiMedical PCs). See D.E. 1 ¶77.  In fact, between 2019 and 2021, the CitiMedical PCs alone were the source of more than 80% of the prescriptions steered to and billed through AV Chemists.  See D.E. 1 ¶ 84. Despite this, AV Chemists continued to issue significant payments to DN Spark for alleged "marketing" services.  Given that most of AV Chemists' prescriptions originate from only four

medical practices, AV Chemists' payment to DN Spark of between $16,000.00 to $28,800.00 per month for "marketing" is questionable at best.

Moreover, Nektalov's EUO testimony also raises significant questions about other payments to DN Spark. Nektalov stated under oath that AV Chemists handles its billing and collections internally. Yet, AV Chemists issued payments to DN Spark for purported billing and collection services. In addition to payments for purported marketing, billing, and collections, some of AV Chemists' payments to DN Spark were allegedly for loan repayment and indicated a loan balance of $355,000.00 following a $45,000.00 payment. However, Nektalov testified that AV Chemists has never taken out a loan or borrowed money. In addition to that, AV Chemists' bank records do not show any transaction from DN Spark, or any other individuals or entities, evidencing a $400,000.00 loan. These discrepancies, like those discussed above, raise serious concerns about the legitimacy of the significant payments issued to DN Spark.

Clearly, the requested non-party discovery from DN Spark is relevant to GEICO's claims, including but not limited to Defendants' involvement in collusive and unlawful kickback arrangements. This Court has continually enforced subpoenas served on non-party witnesses who fail to offer a sufficient excuse for non-compliance. See Freund v. Weinstein, 2009 WL 4065585 (E.D.N.Y. 2009) (ordering non-party witness to comply with subpoena as no adequate excuse provided for non-compliance); Beruashvili v. Hobart Corp., 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006); Calabro v. Stone, 224 F.R.D. 532 (E.D.N.Y. 2004) (same); see also First Indemnity of America Ins. Co. v. Shinas, 2005 WL 3535069 (S.D.N.Y. 2005) (requiring non-party to comply with subpoena); Government Employees Ins. Co., et al. v. Weinberger, D.C., et. al., Dkt. No. 1:18-cv-06641 (NGG)(RER) (E.D.N.Y.), at July 29, 2019 Order (same); Government Employees Ins. Co., et. al. v. Epione Medical, P.C. et al., Dkt. No. 1:18-cv-03159 (SJ)(SJB) (E.D.N.Y.), at August 1, 2019 Order (same).

Accordingly, GEICO respectfully requests that the Court issue an order compelling compliance with the Subpoena and mandating DN Spark's appearance.

    Very truly yours,

    RIVKIN RADLER LLP

    */s/ Jennifer Abreu*
    Jennifer Abreu, Esq.

Cc:    All Counsel (via ECF)

    Matthew J. Conroy
    Robert Hewitt
    Schwartz, Conroy & Hack, PC
    New York 666 Old Country Road Suite 900
    Garden City, NY 11530
    *Counsel for Defendants*